IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States Courts Southern
District of Texas
FILED

*July 7, 2023*

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| **BRYSON WEEMS,** | |
| *Plaintiff,* | C.A. NO. 2:23-CV-00113 |
| v. | |
| **LACY WEEMS, JOHN GUTIERREZ, ARANSAS COUNTY SHERRIFF'S OFFICE, KELSEY A. DOWNING, AND KRISTEN BARNEBEY,** | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| *Defendants.* | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BRYSON WEEMS ("Plaintiff"), and files this Plaintiff's First Amended Complaint, complaining of LACY WEEMS, JOHN GUTIERREZ, ARANSAS COUNTY SHERIFF'S OFFICE, KELSEY A. DOWNING AND KRISTEN BARNEBEY (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3 of the Texas Rule of Civil Procedure Rule 190.4.

### PARTIES

2.      Plaintiff **BRYSON WEEMS** is an individual residing in ARANSAS County.

3.      Defendant, **LACY WEEMS** is an individual who has previously been served with

1

citation and petition in this lawsuit, has answered by and through counsel and is before the Court for all purposes.

4.   Defendant, **JOHN GUTIERREZ** is an individual who has previously been served with citation and petition in this lawsuit, has answered by and through counsel and is before the Court for all purposes.

5.   Defendant **ARANSAS COUNTY SHERIFF'S OFFICE** is a department of Aransas County and has previously been served with citation and petition in this lawsuit, has answered by and through counsel and is before the Court for all purposes.

6.   Defendant, **KRISTEN BARNEBEY** is an individual and a former employee of Aransas County District Attorney's Office who has previously been served with citation and petition in this lawsuit, has answered by and through counsel and is before the Court for all purposes.

7.   Defendant **KELSEY A. DOWNING** is an individual and former employee of Aransas County District Attorney's Office, who has previously been served with citation and petition in this lawsuit, has answered by and through counsel and is before the Court for all purposes.

**JURISDICTION AND VENUE**

8.   The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this court's minimum jurisdictional requirements.

9.   Venue is proper in ARANSAS County, Texas, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because this is the county in which all or a substantial part of the acts or omissions complained of occurred in ARANSAS County and the malicious prosecution.

**GENERAL FACTS AND ALLEGATIONS**

10.   Defendants', including LACY WEEMS and JOHN GUTIERREZ, engineered and conspired to create a false arrest and then a false and malicious prosecution of an assault that clearly never took place.

2

11. Further, Plaintiff was innocent of the charges and Defendants lacked probable cause to initiate/procure the prosecution.

11. Defendants acted with malice.

12. Defendants' wrongful conduct caused the following damages:

   a. Serious economic loss/deprivation.

   b. Severe mental anguish.

   c. Loss of reputation

13. Plaintiff seeks damages within the jurisdictional limits of this Court.

## CAUSES OF ACTION

## COUNT 1 – MALICIOUS PROSECUTION

14. Plaintiff BRYSON WEEMS incorporates by reference all of the allegations hereinabove stated as if fully set forth herein.

15. The evidence is clear that the State of Texas through the Aransas County District Attorney commenced criminal proceedings against the Plaintiff in Cause No. A-20-5111-CR; State of Texas v. BRYSON WEEMS in the 36TH JUDICIAL DISTRICT Court of Aransas County, Texas.

16. Defendants initiated criminal proceedings against Plaintiff BRYSON WEEMS.

17. BRYSON WEEMS was innocent of all charges maliciously initiated and brought against him by the Defendants.

18. As related to the indictment, Plaintiff is innocent because the elements of those criminal acts were not satisfied, nor could they have been.

19. Plaintiff alleges that: 1) Defendants commenced criminal proceedings against Plaintiff; 2) that Plaintiff was innocent of the crimes charged against him – given the fact that the case was ultimately dismissed; and 3) Defendants not only lacked probable cause but harbored malice against the Plaintiff.

20. Malice is established in that the prosecution of Plaintiff BRYSON WEEMS was permitted to proceed even though the prosecution lacked evidenced to support the allegations.

21. As a result of these acts, Plaintiff was sustained damages. Defendant Lacy Weems used the false event and malicious prosecution to take Plaintiff's children from him. Plaintiff was forced to suffer loss of income, stress and mental anguish and incurred attorney's fees.

22. Plaintiff would further show that the acts or omissions of the Defendants described hereinabove constitutes malicious prosecution, which proximately caused the direct and consequential damages of Plaintiff described herein, for which Plaintiff hereby sues.

## COUNT 2 – ABUSE OF PROCESS

23. Plaintiff BRYSON WEEMS incorporates by reference all of the allegations hereinabove stated as if fully set forth herein.

24. Plaintiff would show that that the Defendants - made an illegal, improper, perverted use of the process in that it is uncontroverted that Defendants initiated the criminal process.

25. The criminal process was initiated and continued absent probable cause and/or evidence to support the crimes brought against the Plaintiff.

26. It is uncontroverted that there was no probable cause to initiate criminal proceedings against BRYSON WEEMS. WEEMS had not committed any criminal offense; he was not in a suspicious place at the time of the arrest, there was no circumstances reasonably indicating that he had committed any felony, disorderly conduct, or related offense, breach of the peace, or any other crime of any kind, or that he threatened or was about to do so. The arresting officer had no reason to believe that WEEMS had committed an assault resulting in bodily injury to a member of the person's family's or household; threatened a member of the person's family or household with imminent bodily injury; committed an assault resulting in offensive or provocative physical contact with a member of the person's family or household; or committed any other criminal wrongdoing.

27. In light of the uncontroverted events, Plaintiff alleges that Defendants had an ulterior motive or purpose in exercising such illegal, perverted, or improper use of process.

28. It is uncontroverted that there was no probable cause. In addition, it is uncontroverted that there

4

was no evidence to satisfy the elements of the charges brought against Plaintiff, other than the unfounded allegations made by the Defendants.

29. Plaintiff asserts that it was Defendants' desire to exact upon Plaintiff fear, dread, and financial ruin, such that the costs and emotional strain would cause Plaintiff to forego his constitutional rights and plea to the indictment of the charges brought against him.

30. Defendants failed to investigate the facts and circumstances surrounding the unfounded allegations and/or intentionally chose to ignore the results, therefore.

31. Plaintiff alleges that this abuse by Defendants constitutes an abuse of process, to accomplish the intrusion by the State to suffer Plaintiff to undergo the criminal process without probable cause and suffer prosecution without evidence.

32. The actions of Defendants sought to Plaintiff to suffer the criminal process and undergo the criminal process without evidence and/or witnesses.

33. As a result of the acts of the Defendants, singularly and collectively, Plaintiff suffered injury and damage to his employment, as well as mental and emotional stress, loss of time, loss of money-bond and legal fees, damage to reputation, and damage to family harmony.

34. As a result of these acts, Plaintiff was made to suffer damages. Plaintiff was arrested, forced to post bond, and forced to undergo the criminal process for unfounded allegations. Plaintiff was forced to suffer loss of income, stress, mental and emotional stress, loss of money and to incur attorney's fees.

35. Plaintiff would further show that the actions and/or omissions of Defendants described hereinabove were malicious and done with gross disregard for the consequences of their respective actions, which proximately caused the direct and consequential damages to Plaintiff described herein, and for which Plaintiff hereby sues.

### COUNT 3 - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff BRYSON WEEMS incorporates by reference all of the allegations hereinabove stated as if fully set forth herein.

5

37. Plaintiff asserts a claim of the intentional infliction of emotional distress.

38. Plaintiff asserts that the actions complained of herein, to include the questioning, detention, arrest, and prosecution of Plaintiff BRYSON WEEMS was done intentionally or recklessly.

39. It is uncontroverted that there was no probable cause to initiate criminal proceedings against BRYSON WEEMS. WEEMS had not committed any criminal offense; he was not in a suspicious place at the time of the arrest, there was no circumstances reasonably indicating that he had committed any felony, disorderly conduct, or related offense, breach of the peace, or any other crime of any kind, or that he threatened or was about to do so. The arresting officer had no reason to believe that WEEMS had committed an assault resulting in bodily injury to a member of the person's family's or household; threatened a member of the person's family or household with imminent bodily injury; committed an assault resulting in offensive or provocative physical contact with a member of the person's family or household; or committed any other criminal wrongdoing.

40. Defendants had malice in filing the charge in that, in addition to the facts stated in Paragraph 8.

41. Plaintiff alleges that: 1) Defendants commenced criminal proceedings against Plaintiff; 2) that Plaintiff was innocent of the crimes charged against him – given the fact that the case was ultimately dismissed; and 3) Defendants not only lacked probable cause but harbored malice against the Plaintiff.

42. Plaintiff asserts that the actions complained of herein, to include the questioning, detention, arrest, and prosecution of Plaintiff WEEMS, were extreme and outrageous.

43. In addition, Plaintiff asserts that the actions complained of herein, to include the questioning, detention, arrest, and prosecution of Plaintiff WEEMS was permitted even though in was known to Defendants that such indictment and prosecution were done without probable cause and/or evidence to satisfy the elements of the criminal charges brought against him.

44. The conduct by Defendants were extreme and outrageous.

45. The conduct by Defendants caused Plaintiff WEEMS emotional distress.

46.     The conduct by Defendants caused Plaintiff WEEMS emotional distress and it was severe.

47.     The conduct of Defendant was extreme and outrageous, in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.

48.     As a result of these acts, Plaintiff was made to suffer damages. Plaintiff was arrested, forced to post bond, and forced to undergo the criminal process. Plaintiff was forced to suffer loss of income, stress, mental and emotional stress, loss of money and to incur attorney's fees.

49.     Plaintiff would further show that the actions and/or omissions of Defendants described hereinabove were malicious and done with gross disregard for the consequences of their respective actions, which proximately caused the direct and consequential damages to Plaintiff described herein, and for which Plaintiff hereby sues.

## ECONOMIC AND ACTUAL DAMAGES

50.     Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described herein above:

   (a) Loss of earnings;

   (b) Out-of-pocket expenses related to Defendants' acts - to include costs of defense;

   (c) Loss of liberty.

   (d) Physical pain and mental anguish in the past and future;

   (e) Reasonable expenses;

   (f) Damage to earning capacity;

51.     In addition, Defendant's conduct - individually and collectively - was/were a producing cause of the mental anguish damages suffered by Plaintiff, for which Plaintiff is entitled to recover because: (1) Defendants acted knowingly; (2) Defendants acted willfully; (3) Defendants acts were grossly negligent; and Plaintiff suffered mental anguish resulting in physical injury, illness, or condition,

7

specifically: loss of sleep, extreme irritability, severe marital strain, as well as other physical symptoms.

## EXEMPLARY DAMAGES

52.     Plaintiff's injury resulted from Defendant's malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)(2).

## ATTORNEY'S FEES

53.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

54.     Plaintiff hereby demands a jury trial and tenders the appropriate fee with this petition.

## DESIGNATED SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to TEX. R. Civ.P.21(f)(2) and 21(a): wwatson@ccatriallaw.com and rkubik@ccatriallaw.com. As such, these are the ONLY electronic email addresses and undersigned counsel does NOT accept service through any other email address but requests a copy of all electronically served documents and notices, filed and unfiled be sent to scarrigan@ccatriallaw.com or danderson@ccatriallaw.com.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recover from said Defendants a sum in excess of the minimum jurisdictional limits of the court, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiff may be justly entitled. In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.00.

8

        Respectfully submitted,
        CARRIGAN & ANDERSON, PLLC
        */s/ David M Anderson*
        David M. Anderson
        Federal I.D. No. 985644
        State Bar No. 24064815
        101 N. Shoreline Blvd., Suite 420
        Corpus Christi, Texas 78401
        (361) 884-4433 (Office)
        (361) 884-4434 (Facsimile)
        scarrigan@ccatriallaw.com
        danderson@ccatriallaw.com
        Legal Assistant: wwwatson@ccatriallaw.com
        Legal Assistant: rkubik@ccatriallaw.com
        ***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May 2023, a true and correct copy of this foregoing instrument was served on all counsel of record pursuant to the Federal Rules of Civil Procedure:

Kevin D. Cullen
State Bar No. 05208625
CULLEN, CARSNER, SEERDEN & CULLEN, L.L.P.
119 South Main (77901)
P. O. Box 2938
Victoria, TX 77902-2938
(361) 573-6318
FAX (361) 573-2603

***ATTORNEY FOR DEFENDANT,***
***JOHN GUTIERREZ,***
***ARANSAS COUNTY,***
***KELSEY A. DOWNING, AND***
***KRISTEN BARNEBEY***

Steve Lopez
Email: steve@lopezlawcc.com
418 Peoples Street, Suite 410
Corpus Christi, Texas 78401
Tel. (361) 500-4052
Fax. (361) 288-1385
***ATTORNEY FOR DEFENDANT***
***LISA WEEMS***
        */s/ David M. Anderson*
        David M. Anderson

9